UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSE PEREIRA,

                    Plaintiff(s),         **REPORT AND**
                                           **RECOMMENDATION**
      -against-                          CV 09-1024 (DRH) (WDW)

MICHAEL ASTRUE, COMMISSIONER OF
SOCIAL SECURITY,
                    Defendant(s).
----------------------------------------------------------X

**WILLIAM D. WALL, United States Magistrate Judge:**

Before the court, on referral from District Judge Hurley, is the plaintiff's application for attorneys fees pursuant to Equal Access to Justice Act. DE[18]. The defendant Commissioner of Social Security ("the Commissioner") does not oppose the award of fees, but does oppose the amount sought. DE[21]. For the reasons set forth herein, I recommend that the plaintiff be awarded attorneys fees for 45.1 hours of work, at an hourly rate to be recalculated as explained *infra,* and costs in the amount of $ $566.34.

## BACKGROUND

Jose Pereira, the plaintiff, seeks an award of attorneys fees against the Commissioner of Social Security pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d). The fees request arises from the processing of Pereira's application for Social Security Disability benefits, which were denied. The Commissioner does not oppose an award of fees, but opposes the amount sought as unreasonable.

The procedural history of this matter is relevant. Pereira first applied for Social Security Disability benefits in January 2006, and his claim was denied on July 3, 2006. After an administrative hearing, the ALJ denied Pereira's claim, finding that he had the residual functioning capacity to perform some work. Pereira's request that the Appeals Council review

the decision was denied on February 18, 2009, thus rendering the ALJ's decision final.

The plaintiff filed his complaint in this action on March 12, 2009, seeking to review the decision of the administrative law judge that denied his application for Social Security disability benefits. DE[1]. The plaintiff asked that the decision be reversed, alleging that the ALJ had failed to properly evaluate and develop the medical evidence and that the decision was legally erroneous. DE[1], ¶¶11-12. On April 9, 2009, District Judge Hurley ordered the parties to defer filing the administrative record until they filed the anticipated fully briefed motions for judgment on the pleadings. The defendants served the plaintiff with the administrative record on June 10, 2009 and filed an answer on June 11, 2009. DE[3] & [4]. Under this Court's March 20, 2008 Administrative Order, the Commissioner was required to move for judgment on the pleadings within 60 days of service of the administrative record and answer, here, by August 10, 2009. On that date, the defendant requested, on consent, an extension of time to September 10, 2009 to serve his motion, and noted in a letter that he had offered to vacate the underlying decision and to voluntarily remand the matter for further administrative proceedings. DE[5] & [6]. The next day, the plaintiff filed a letter with the court, explaining that he had rejected the offer of voluntary remand because he was concerned about the ALJ to whom the matter would be remanded, and noting that, by the time the Commissioner made the offer in August 2009, his counsel had already drafted his motion for judgment on the pleadings. DE[7]. He listed additional reasons for his rejection of the offer of voluntary remand, objecting to the Commissioner's suggestions that the medical evidence be re-evaluated and that new evidence be submitted.

On August 11, 2009, Judge Hurley granted the Commissioner's requested extension of the date by which to move until September 10. DE[8]. On September 25, the defendant filed the

fully briefed motion to remand to the Social Security Agency for further administrative proceedings (DE[11]), and the plaintiff filed a cross motion for judgment on the pleadings and for remand for the sole purpose of calculation of benefits. DE[12]. On May 25, 2010, Judge Hurley reversed the decision of the Commissioner and remanded the matter for further proceedings. DE[16]. The Clerk of the Court closed the matter, and the plaintiff made his motion for attorney's fees. DE[17] & [18].

The Commissioner now contends that the time plaintiff''s counsel spent preparing the motion for judgment on the pleadings was "exceedingly premature" and should not be compensated. DE[12] at 5. As the Commissioner sees it, plaintiff started preparing his responsive papers immediately after receiving the administrative record and answer, two months before the Commissioner's motion was due, and no motion by the Commissioner for judgment on the pleadings would have been necessary if the plaintiff had accepted the offer of voluntary remand. The primary reason the plaintiff did not accept that offer, the Commissioner suggests, is that he had already spent the time doing the motion papers, not the other reasons he advanced in his August 11 letter to Judge Hurley. The plaintiff takes a different view, arguing that the defendant acted in a dilatory manner throughout the entire process, and made an offer of voluntary remand, with unacceptable terms, at the last moment. These arguments are discussed more fully *infra*.

## DISCUSSION

EAJA provides that courts may award attorneys fees incurred by a prevailing party in certain civil actions against the United States "unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28

3

U.S.C. §2412(d)(1)(A). To qualify for an award of attorneys fees, a claimant must demonstrate (1) that he is a "prevailing party," (2) the Government's position in the underlying action was not "substantially justified," (3) no "special circumstances" make the award of fees unjust, and (4) the fee application was submitted to the court within 30 days of the final judgment in the action. *See Sergenton v. Astrue,* 2010 WL 2178827, *3 (E.D.N.Y. May 28, 2010)(citing *Kerin v. U.S. Postal Service,* 218 F.3d 185, 189 (2d Cir. 2005)). Here, the Commissioner does not dispute that the plaintiff meets the first, second and fourth requirements, but argues that "special circumstances" render the amount sought unreasonable. The amount of attorneys fees awarded under EAJA must be reasonable, and the Commissioner argues that the amount sought by Pereira is not, because, as noted earlier, some of the work done by his attorney was premature and unnecessary, amounting to special circumstances making the award unjust. *See* 28 U.S.C. §2412(d)(1)(c) (allowing "reasonable attorneys fees").

In support of his position, the Commissioner relies on *Rivera v. Astrue,* CV 09-3156 (E.D.N.Y. April 2, 2010), an unreported opinion. In that case, an offer of remand was made before the answer was filed, and the plaintiff accepted it. Those facts are sufficiently different from those herein to render *Rivera* a weak precedent indeed for the relief that the Commissioner seeks. Much more on point is the case of *Harris v. Astrue,* 701 F. Supp.2d 410 (E.D.N.Y. 2010)(DRH). Like Pereira, the plaintiff in *Harris* rejected a post-answer offer of remand, and sought reversal of the ALJ decision and remand only for the purpose of calculating benefits. And, like Pereria, Harris prevailed on his motion to reverse, but not on his request that the remand be limited to the calculation of benefits. *See* DE[16] at 16. In *Harris,* the Commissioner argued, as he does here, that because the plaintiff did not accept the offer of voluntary remand,

4

special circumstances existed that made the award of attorneys fees unreasonable. The court recognized that "courts in some circumstances refused to grant fees for time expended after refusing to accept an offer of remand," but awarded fees to Harris nonetheless, finding that Harris' refusal of the offer of remand was not unreasonable. 701 F. Supp. 2d at 413. Judge Hurley noted that the offer of remand to Harris "came after the action was commenced, months after Defendant's answer was filed, after Plaintiff's summary judgment papers had been prepared and sent to defense counsel on an informal basis, and after counsel had expended more than 25 hours prosecuting" the action. *Id.* Those circumstances are more or less the same ones presented on the instant motion. And, as was the case with Harris, although Pereira's motion was not completely successful, it was not unreasonable or frivolous of him to seek a remand only for the purpose of calculating benefits, an offer that the Commissioner did not make. Nor was it unreasonable of counsel to begin preparing motion papers, which are expected as a matter of course in most Social Security cases, before receiving the Commissioner's motion papers. Thus, I recommend that the Commissioner's argument be rejected and the motion granted.

That does not necessarily mean, however, that Pereira's counsel must be awarded the full amount he seeks. Instead, that amount must be reviewed for reasonableness. Pereira's counsel, Jeffrey DeLott, seeks compensation for 45.1 hours of work at a rate of $180.58 per hour, for a total of $8,144.16, with costs in the amount of $566.34. See DeLott Aff., DE[18-2]; DeLott Reply Aff., DE[21], ¶4.

Attorneys fees under 28 U.S.C. §2412 are to be awarded at the rate of $125 per hour, adjusted by the consumer price index for the relevant community. Mr. DeLott reports that the latest CPI for the New York Region is for April 2010 and is 250.529. Applying that increase to

the $125 EAJA fee results in an hourly rate of $180.58 per hour, which is the amount he seeks. The Commissioner objects to that hourly rate, arguing that a cost of living adjustment must be calculated with regard to when services were performed, and that DeLott did not use historic rates properly in arriving at his proposed hourly rate. DE[12] at 12 (citing *Kerin v. United States Postal Serv.*, 218 F.3d 185, 194 (2d Cir. 2000). Instead, the Commissioner argues, the rates should be $177.80 for work performed in 2009 and $179.89 for work performed in 2010. *Id.* at 13. The plaintiff notes that his EAJA calculation was done using a formula provided by the Commissioner in *Williams v. Astrue,* CV 08-8029 (S.D.N.Y.), and attaches an email from the Commissioner's counsel in that case regarding the calculation. I find the formula used to be acceptable, but Mr. DeLott does not challenge the argument that different rates should apply for 2009 and 2010 and *Kerin* supports the application of that rule. Thus, Mr. DeLott should recalculate the amounts he is due, using separate rates for work done in separate years.

The Commissioner also objects to the number of hours expended, largely on the basis of the argument that DeLott should not have prepared his motion papers when he did. As noted earlier, I find nothing unreasonable about the timing of that work and turn to the number of hours expended. The court in *Rivera* noted that "typical Social Security cases . . . are generally awarded fees in the 20 to 40 hour range when argument is involved." Here, Mr. DeLott originally requested reimbursement for 38.9 hours, and then added 6.2 hours for work he did on his reply papers. Given his success on this motion, I find that he is entitled to the original 38.9 hours and the additional 6.2 hours as well, for a total of 45.1 hours at hourly rates for 2009 and 2010, to be re-calculated by Mr. DeLott.

The Commissioner also objects to the award of some of the costs sought. He agrees that

the plaintiff is entitled to $350 in filing fees and $86.34 in electronic research costs, but objects to the award of $130 in "service costs," because there was no description or supportive documentation in his moving papers to justify such an award. In his reply papers, Mr DeLott included a photocopy of a check for $130 made out to Allstate Process Service, and I find that he has adequately supported that cost. Thus, I recommend that the plaintiff be awarded $566.34 in costs.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for the parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
September 9, 2010

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge